Scott McClure et al., Plaintiffs, v. W. S. Ayres, Judge, et al., Defendants.

INTOXICATING LIQUORS: Contempt—Evidence—Sufficiency. Evidence reviewed, and held sufficient to sustain a conviction for contempt in violating an injunction against the sale, etc., of intoxicating liquors.

*Certiorari to Polk District Court.*—W. S. Ayres, Judge.

WEDNESDAY, APRIL 4, 1917.

CERTIORARI in the nature of an appeal from the judgment of the district court of Polk County, finding the plaintiffs herein guilty of contempt in the violation of a liquor injunction decree previously entered against them.—*Affirmed, and Writ Annulled.*

*John A. Holland* and *Albert Garvey,* for plaintiffs.

*Geo. A. Wilson,* for defendants.

EVANS, J.—We have no argument in this case from either side. The proceedings, however, are set forth in a printed abstract, and we have given the same full consideration. The plaintiffs are husband and wife, and are engaged in operating a "soft drink parlor" on East Fifth Street, Des Moines. In November, 1915, a liquor injunction decree was entered against them. On August 14, 1916, they were cited for contempt, and charged with a violation of such previous injunction. If the evidence introduced by the State is to be believed, it is abundant to sustain the finding of the district court. Seven specific sales of beer and whisky were testified to, covering the dates of August 11th, 12th and 15th. On July 30th, the police officers visited the place with a search warrant, and took therefrom a case of whisky and 30 bottles of beer. On August 14th, another

*(margin note: INTOXICATING LIQUORS: contempt: evidence: sufficiency.)*

search warrant was served, and a smaller quantity of intoxicating liquor was taken thereunder.

The plaintiffs deny *in toto* the testimony of the witnesses who testified to purchases. As to the liquors taken on search warrant, it is claimed that a part of the same belonged to a roomer, and that such liquors were found in the room of such roomer. As to the remainder, the claim is that the plaintiff Scott McClure is a drinking man, and that the quantity found was not greater than his reasonable needs. It is undoubtedly true that, if the liquors were not kept for sale and were not in fact sold, there was no violation of the injunction.

The weight and credibility of the conflicting testimony was a question peculiarly for the trial court. The credibility of the denial of the plaintiffs is not impressive. We find no error in the proceedings or in the order of the court. The judgment, therefore, must be affirmed and the writ annulled.—*Affirmed.*

GAYNOR, C. J., LADD and SALINGER, JJ., concur.